*H. Maltzberger, Esq.*, for plaintiff.

---

*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

## THE POTTSVILLE WATER COMPANY *v.* SAMUEL BALL

A claim for two or more penalties may be included in one suit.

**Certiorari to Justice Frailey.**

This was an action of debt brought by the Pottsville Water Company *v.* Samuel Ball, before a justice of the peace, on the 15th of August, 1870, to recover two distinct penalties for the violation of the by-laws of the company in not using a nozzle upon his hose and letting the hydrant remain in a leaky condition.

On 19th of August, 1870, judgment was entered, after hearing, for the plaintiff, for $11.

On 24th of August, 1870, this case was brought up on a *certiorari.*

Thomas R. Bannan, Esq., for Samuel Ball, cited Barter vs. Commonwealth, 3 Pa. Rep. 255 ; Wilson v. Walton, 1 Phila. Rep. 517 ; Commonwealth v. Fiegle, 2 Phila. 215 ; the City v. Duncan, 4 Phila. 145 ; Commonwealth v. Burkhart, 11 Harris 521 ; Van Swartow v. the Commonwealth, 12 Harris 131 ; Jones v. Insurance Company, 4 Dallas 248 ; Commonwealth v. Borden, 11 P. F. Smith 272 ; 2 Parson's Reports, 232, 265, 289.

F. W. Hughes, Esq., for plaintiff, cited and relied on Gibson v. Gault, 9 Casey 44 ; Bartolett v. Ackey, 2 Wright 273 ; Wharton's Supplement, 1865, p. 402, sections 46, 47, 48.

Opinion of the court delivered by

WALKER, J.   The judgment in this case before the justice was entered on the 19th of August, 1870, for $11, in favor of the plaintiff, and was for two penalties for the violation of certain by-laws of the company.   The *certiorari* was taken the 24th of August, 1870.

The proper remedy of the defendant below, was by appeal within the twenty days allowed by law.

But he has seen fit to bring up the proceedings by a *certiorari,* and, therefore, we cannot look at the merits of the case, but must confine our attention in the absence of fraud, strictly to the errors appearing on record as set forth in the exceptions filed.

The material exception is as to the power of the justice to embrace in one suit two distinct penalties for a violation of the by-laws of the company.

In Barter v. Commonwealth, 3 Pa. Rep. 253, it was held that a summary conviction by a justice of the peace, for a penalty that involved imprisonment, was void.

This is an action of debt to recover the amount of the penalties, which is a very different case.

In Gibson v. Gault, 9 Casey 44, it is decided that several counts for distinct penalties may be joined so as to bring the controversy within the jurisdiction of the court.

So also in Bartolett v, Ackey, 2 Wright 273, which was an action of debt to recover penalties imposed by act of assembly for taking illegal fees, it was held that a claim for two or more penalties may be included in the same notice and action.

Judge Thompson, who delivered the opinion, says, "as to the right to include several penalties in one action, this was settled in Gibson v. Gault, 9 Casey 44."

These cases are similar in principle to the present one.

Judgment affirmed.